UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Jason Breneman, et al.,**

      **Plaintiffs,**        Civil Action No. 12-11427

   vs.                        District Judge Paul D. Borman

**American Collateral**           Magistrate Judge Mona K. Majzoub
**Recovery Group,**

      **Defendant.**
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT [9]

In this debt-collection case, Plaintiffs Jason Breneman, Carrie Breneman, and Blanche Chmura allege that Defendant American Collateral Recovery Group violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Michigan Occupational Code, Mich. Comp. Laws. § 339.901 et seq., and the Michigan Collection Practices Act, Mich. Comp. Laws § 445.251 et seq., when it attempted to collect a consumer type debt allegedly owed by Plaintiff Chmura for a 2008 Dodge Nitro vehicle.

Before the Court is Defendant's motion to set aside the clerk's entry of default. (Dkt. 9.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 10.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[1]

For the reasons stated below, the Court grants Defendant's motion.

**I.     Facts**

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

On March 29, 2012 Plaintiffs filed their complaint against Defendant. (Dkt. 1.) Plaintiffs allege that Defendant is attempting to collect a consumer type debt allegedly owed by Chmura on a 2008 Dodge Nitro vehicle. (Compl. ¶ 6.) Plaintiffs state that, although Defendant is a repossession company, that it has attempted to collect money from Plaintiffs. (*Id*. ¶ 8.)

Plaintiffs state that Defendant first contacted the Brenemans at their place of business in 2010. (Compl. ¶ 9.) The Brenemans allege that they asked Defendant to not call them at work. (*Id*. ¶ 10.) Since that time, Plaintiffs state, Defendant called the Brenemans at work at least two times per day. (*Id.* ¶ 11.) Plaintiffs state that when Defendant called the Brenemans's place of work, it would ask for all three Plaintiffs, despite the Brenemans's informing Defendant that Chmura did not work there. (*Id*. ¶ 12.)

In January 2012 Plaintiffs state that Defendant called Carrie Breneman at work and informed her coworker that Chmura owed money for the 2008 Dodge Nitro. (Compl. ¶¶ 13, 4.) Plaintiffs state that Defendant told the coworker that Plaintiffs either need to pay off the vehicle or turn it in. (*Id*. ¶ 15.)

Plaintiffs state that a "Martin Newman" called them and left at least two messages. (Compl. ¶¶ 16, 17.) Plaintiffs add that Mr. Newman represented himself as a investigator, failed to disclose that he is a debt collector, and threatened Chmura with legal proceedings. (*Id*. ¶ 18.) Plaintiffs also state that Mr. Newman left a second message, for Carrie Breneman, and in it, failed to identify himself as debt collector, and said that a case had been filed against Chmura. (*Id*. ¶¶ 19, 20.)

Plaintiffs state that a Renee Moore also called and failed to identify herself as a debt collector. (Compl. ¶ 21.)

On January 18, 2012 Plaintiffs state that they and their counsel sent a cease and desist letter to Defendant. (Compl. ¶ 23.) Plaintiffs allege that Defendant did stop calling for three weeks, but then started calling the Brenemans at their work again. (*Id.* ¶ 24.) Plaintiffs add that no lawsuit has ever been filed against any of them and that they have never received anything in writing from Defendant. (*Id.* ¶¶ 24-26.)

Plaintiffs allege that they served the summons and complaint on Defendant on April 12, 2012. (Dkt. 3.) Given that date, Defendant's answer was due on May 3, 2012. (*Id.*) On May 8, 2012 Plaintiffs requested a clerk's entry of default, which was granted to them. (Dkt. 4, 5.) Nine days later, Plaintiffs requested a motion for judgment pursuant to the clerk's entry of default. (Dkt. 6.) On May 31, 2012 Defendant filed an appearance and motion to set aside the default. (Dkt. 7, 8.)

## II.  Standard of Review

Under Federal Rule of Civil Procedure 55(c), for good cause shown, a court may set aside an entry of default. In exercising its discretion whether to set aside an entry of default, a court considers the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). A "district court enjoys considerable latitude . . . [in granting] a defendant relief from a default entry." *United States v. Real Property, All Furnishings Known As Bridwell's Grocery*, 195 F.3d 8119, 820 (6th Cir. 1999) (internal quotation marks and citation omitted). But "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a wilful failure of the moving party to appear and plead."

3

*Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

Federal courts, in their determinations to set aside defaults, strongly favor decisions on the merits. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). In fact, the policy is so strong that even when a defendant wilfully evades service of process, a court may set aside a default. *Id.* at 622.

## III.   Analysis

In analyzing the three factors to set aside a default, the Court finds that Defendant fully satisfies the first two factors. The Court, as a result, will set aside the entry of default. Regarding the third factor, although the Court recognizes that Defendant failed to answer the complaint, it does not view Defendant's actions so egregious as to not set aside the default.

### A.   Plaintiffs have not shown prejudice

Plaintiffs have not shown the Court that they will suffer any prejudice in setting aside the default. Even if a plaintiff will suffer some delay in its recovery if a trial on the merits takes place "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). Types of prejudice that would warrant not setting aside a default include "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*.

Here, Plaintiffs have not alleged or shown that they would suffer any prejudice if the Court were to set aside the entry of default.

### B.   Defendants have asserted a meritorious defense

Defendants satisfy the second factor by asserting a meritorious defense. A defendant must state "a defense good at law" in order to establish a meritorious defense. *INVST Fin. Group*, 815

F.2d at 398-99. The asserted meritorious defense is sufficient so long as it contains "'event a hint of a suggestion' which, [if] proven at trial, would constitute a complete defense." *Id*. A defendant does not need to support its defense with "detailed factual allegations to be deemed meritorious." *United States v. $22,050 United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010). Further, a defendant need not demonstrate a likelihood of success on the merits. *Berthelsen*, 907 F.2d at 621-22. Finally, all ambiguous or disputed facts must be resolved in the light most favorable to the defendant. *INVST Fin. Group*, 815 F.2d at 398.

As its meritorious defense, Defendant states that it "does not engage in the practice of collecting debts on behalf of other individual or entities, is not a collection agency, and is not regulated under" the statutes stated in Plaintiffs' complaint. (Defs.' Mot. at 3.) Defendant alleges that it was retained to repossess Chmura's 2008 Dodge Nitro, which had been used as collateral for a loan. (*Id.*) Defendant states that its activities "were strictly related to attempts to repossess [the] vehicle." (*Id.*) Defendant has also submitted an affidavit in support of its argument.[2]

Plaintiffs, in their response, argue at length how Defendant's meritorious defense would not be successful. But here, the Court finds that there are allegations of whether Defendant was a debt collector, demanded money, and the extent to which it attempted to collect debts. Given these allegations and the requirement that the Court find all ambiguous or disputed facts in favor of Defendant, the Court finds that there is a hint of a meritorious defense. The Court therefore finds that Defendant satisfies this factor.

---

[2]As to the meritorious defense, Staci Davis states that Defendant is not a debt collector, does not hold itself out as a debt collector, does not attempt to collect debts for any of its clients. (Pl.'s Mot., Ex. A, Davis Aff. ¶ 6.) Davis adds that Defendant is repossession company engaged in the repossession of assets used to secure credit to its clients' debtors. (*Id.*)

### C. Defendant's conduct is not so offensive to deny its request

Considering the third factor, culpability, the Court finds that Defendant's conduct is not so offensive that it must deny their request. And even if the Court were to find Defendant's acted in a culpable manner, that action does not require the Court to deny Defendants' request. For the Court to find Defendant's conduct culpable it would have to find that Defendants "display[ed] either an attempt to thwart judicial proceedings or a reckless disregard for effect of conduct on those proceedings." *Shepard Claims Serv.*, 796 F.2d at 194.

Here, Defendant has submitted an affidavit in support of the reason why it did not answer the complaint within the required time. Defendant has submitted Staci Davis's affidavit. (Def.'s Mot., Ex. A, Davis Aff.) Davis states that, since Fall 2010, Defendant has not operated at or had any presence at 337 Oaks Trail, Garland, Texas, the address that Plaintiffs' request for entry of clerk's default and affidavit in support shows. (*Id.* ¶ 2.) Davis further states that Defendant, in September 2010, relocated to Dallas, Texas and then, in February 2011, Defendant relocated to Rockwell, Texas. (*Id.*) And then, Davis states, in February 2012, Defendant relocated to its "present location" at 12620 East Northwest Highway, Dallas, Texas 75288. (*Id.*)

Davis acknowledges that she signed a United States Postal Service delivery receipt for the summons and complaint, but that the delivery was made at 12620 East Northwest Highway, Dallas, Texas 75288 on April 23, 2012, not on April 12, 2012. (Davis Aff. ¶ 3.) Davis adds that she did not write any date on the USPS receipt card and "specifically did not indicate a Dad of Delivery of April 12, 2012." (*Id.* ¶ 4.) (Emphasis removed.) Davis further adds that an inquiry into the USPS telephone tracking service confirms that the date of delivery was April 23, 2012 at 1:35pm. (*Id.* ¶ 5.)

6

Plaintiffs argue to the contrary.

Culpability does not always necessitate a court denying a motion to set aside. In *Berthelsen*, the Sixth Circuit found that the defendant was culpable in actively evading service of process. 907 F.2d at 622. Although the court explained that the defendant's culpability contributed to the entry of default, it still set the default aside. *Id*. The court set aside the default in spite of the defendant's culpability because "the plaintiff has failed to demonstrate that he will be prejudiced by the reopening of this case, and the defendant has shown that he has a meritorious defense to the suit." *Id*.

Here, as in *Berthelsen*, Defendant argues that it did not receive service. But as in *Berthelsen*, contrary evidence exists. Although Defendant may not have a credible excuse as to their failure of filing an answer on time, the Court recognizes that their failure to answer the complaint does not outweigh the policy favoring decisions on the merits. In addition, Plaintiffs have not suggested that Defendant's failure was done willfully and in and effort to "thwart judicial proceedings" or in "reckless disregard for effect of conduct on those proceedings." *Shepard Claims Serv.*, 796 F.2d at 194. Defendant filed this motion to set aside the entry of default less than a month after the service of process appeared on the docket. This filing as well as the fact that Plaintiffs will not suffer prejudice and Defendant has a meritorious defense, warrant the Court's setting aside the default.

**IV.    Conclusion**

For the above stated reasons, the Court grants Defendant's motion to set aside default. The Court additionally orders Defendant to file an answer within fourteen days of this order.

**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days

from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 21, 2012            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 21, 2012            s/ Lisa C. Bartlett
                                  Case Manager